UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THADDEUS WHITE, Individually and On Behalf of All Others Similarly Situated, <br><br>Plaintiff, <br><br>vs. <br><br>JUST ENERGY GROUP, INC., PATRICK MCCULLOUGH and JIM BROWN, <br><br>Defendants. | Civil Action No. <br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS <br><br>**JURY TRIAL DEMANDED** |

Plaintiff Thaddeus White alleges the following based upon the investigation of plaintiff's counsel, which included a review of United States Securities and Exchange Commission ("SEC") filings by Just Energy Group, Inc. ("Just Energy" or the "Company"), as well as regulatory filings and reports, securities analysts' reports and advisories about the Company, press releases and other public statements issued by the Company, and media reports about the Company. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.   This is a securities class action on behalf of purchasers of the securities of Just Energy between May 16, 2018 and August 19, 2019, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2.   The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act [15 U.S.C. §§78j(b) and 78t(a)] and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC") [17 C.F.R. §240.10b-5].

3.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and Section 27 of the Exchange Act [15 U.S.C. §78aa].

4.   Venue is proper in this District pursuant to Section 27 of the Exchange Act and 28 U.S.C. §1391(b), as many of the acts and practices complained of herein occurred in substantial part in this District.

5.   In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

## PARTIES

6. Plaintiff Thaddeus White, as set forth in the accompanying certification, incorporated by reference herein, purchased the securities of Just Energy at artificially inflated prices during the Class Period and has been damaged thereby.

7. Defendant Just Energy was established in 1997. It is incorporated under the laws of Canada and is operated out of dual headquarters in Houston, Texas and Toronto, Ontario. Just Energy's common stock trades on the New York Stock Exchange ("NYSE") under the symbol "JE." Just Energy purports to be a retail consumer company specializing in electricity and natural gas commodities, energy efficiency solutions, and renewable energy options. It has offices located across the United States, Canada, the United Kingdom, Ireland, Germany and Japan, Just Energy and serves approximately 1.7 million residential and commercial customers.

8. a) Defendant Patrick McCullough ("McCullough") served as Just Energy's President and Chief Executive Officer from April 1, 2018 until dismissed on August 5, 2019. McCullough joined Just Energy in August 2014 as its Chief Financial Officer but relinquished that position when he became President and Chief Executive Officer.

(a) Defendant Jim Brown ("Brown") replaced McCullough as CFO as of April 1, 2018 and continues to serve in that position.

(b) Defendants McCullough and Brown are collectively referred to herein as the "Individual Defendants."

9. Because of the Individual Defendants' positions with the Company, they had access to the adverse undisclosed information about the Company's business, operations, operational trends, financial statements, markets and present and future business prospects via access to internal corporate documents (including the Company's operating plans, budgets and forecasts and

reports of actual operations compared thereto), conversations and connections with other corporate officers and employees, and via reports and other information provided to them in connection therewith.

10. Each of the above Individual Defendants, by virtue of their high-level positions with the Company, directly participated in the management of the Company, was directly involved in the day-to-day operations of the Company and was privy to confidential proprietary information concerning the Company's retail operations in Texas, the Company's lack of adequate financial controls and their impact on the Company's business, operations, growth, financial statements, and financial condition, as alleged herein. Said defendants were involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein, were aware, or recklessly disregarded, that the false and misleading statements were being issued regarding the Company, and approved or ratified these statements, in violation of the federal securities laws.

11. As officers and controlling persons of a publicly-held company whose common stock was, and is, registered with the SEC pursuant to the Exchange Act, and was, and is, traded on the New York Stock Exchange ("NYSE"), and governed by the provisions of the federal securities laws, the Individual Defendants each had a duty to disseminate promptly, accurate and truthful information with respect to the Company's financial condition, operations, financial statements, business, markets, management, earnings and present and future business prospects, and to correct any previously-issued statements that had become materially misleading or untrue, so that the market price of the Company's publicly-traded common stock would be based upon truthful and accurate information. The Individual Defendants' misrepresentations and omissions during the Class Period violated these specific requirements and obligations.

12. The Individual Defendants, because of their positions of control and authority as officers and/or directors of the Company, were able to and did control the content of the various SEC filings, press releases and other public statements pertaining to the Company during the Class Period. Each Individual Defendant was provided with copies of the documents alleged herein to be misleading prior to or shortly after their issuance and/or had the ability and/or opportunity to prevent their issuance or cause them to be corrected. Accordingly, each of the Individual Defendants is responsible for the accuracy of the public reports and releases detailed herein and is therefore primarily liable for the representations contained therein.

13. Each of the defendants is liable as a participant in a fraudulent scheme and course of business that operated as a fraud or deceit on purchasers of Just Energy securities by disseminating materially false and misleading statements and/or concealing material adverse facts. The scheme: (i) deceived the investing public regarding Just Energy's business, operations, management and the intrinsic value of Just Energy securities; and (ii) caused plaintiff and other members of the Class to purchase Just Energy securities at artificially inflated prices.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased the securities of Just Energy during the Class Period, inclusive (the "Class") and who were damaged thereby. Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

15. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Just Energy common shares were actively traded on the NYSE. As of March 31, 2019, Just Energy had 149,595,952 Common Shares outstanding.

While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Just Energy or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

16. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

17. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation and in litigating against energy companies such as Just Energy.

18. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a) whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b) whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition of Just Energy and the adequacy of its internal financial controls; and

(c) to what extent the members of the Class have sustained damages and the proper measure of damages.

19. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the

damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

20. Defendant Just Energy is a natural gas and electricity retailer operating in Canadian and American markets across North America, among other markets.

21. The Class Period commences on May 16, 2018. On that date, Just Energy issued a press release announcing its financial results for its fiscal year ended March 31, 2018, that it included in its Form 6-K filed with the S.E.C. The Company reported a profit of CAD $518.5 million, Base EBITDA of CAD $174.4 million and trade and other receivables of CAD $395.7 million. Defendant Brown was the indicated contact person for the press release.

22. On June 1, 2018, the Company filed its Form 40-F with the SEC, which included the following with regard to Just Energy's internal financial controls:

> The management of Just Energy Group Inc. ("the Company") is responsible for establishing and maintaining adequate internal control over financial reporting, and has designed such internal control over financial reporting to provide reasonable assurance regarding the reliability of financial reporting and the preparation of financial statements for external purposes in accordance with International Financial Reporting Standards as issued by the International Accounting Standards Board.
>
> Management has evaluated the design and operation of the Company's internal control over financial reporting as of March 31, 2018, and has concluded that such internal control over financial reporting is effective.

These representations were signed by Defendants McCullough and Brown.

23. On August 8, 2018, after the markets closed, Just Energy issued a press release announcing its financial results for its first quarter ended June 30, 2018.

24. In a Form 6-K filed with the SEC on August 14, 2018, Just Energy reported a loss for the quarter of CAD $41.4 million and trade and other receivables of CAD $677.2 million. With regard to internal controls, management stated:

> The CEO and CFO of the Company have designed or caused to be designed under their direct supervision the Company's Internal Control over Financial Reporting ("ICFR") which has been effected by Just Energy's Board of Directors, management and other personnel in order to provide reasonable assurance regarding the reliability of financial reporting and the preparation of the interim condensed consolidated financial statement in accordance with IFRS.
>
> During the three months ended June 30, 2018, there were no changes in the Company's ICFR that have materially affected, or are reasonably likely to materially affect, the Company's ICFR.

25. On November 7, 2018, after the markets closed, Just Energy issued a press release announcing its financial results for its second quarter ended September 30, 2018.

26. In a Form 6-K filed with the SEC on November 8, 2018, Just Energy reported a loss for the quarter of CAD $21.45 million and trade and other receivables of CAD $694.4 million. With regard to internal controls, management stated:

> Both the CEO and CFO have designed, or caused to be designed under their supervision, the Company's Internal Control over Financial Reporting ("ICFR") which has been effected by the Board of Directors, management and other personnel to provide reasonable assurance regarding the reliability of financial reporting and the preparation of financial statements in accordance with IFRS. During the six months ended September 30, 2018, there were no changes that materially affected, or are reasonably likely to materially affect, the Company's ICFR.

27. On February 6, 2019, after the markets closed, Just Energy issued a press release announcing its financial results for its third quarter ended December 31, 2018.

28. In a Form 6-K filed with the SEC on February 7, 2019, Just Energy reported a loss for the quarter of CAD $35.8 million, but an increase in its Base EBITDA to CAD $122.7 million

and trade and other receivables of CAD $786.8 million. With regard to internal controls, management stated:

> Both the CEO and CFO have designed, or caused to be designed under their supervision, the Company's Internal Control over Financial Reporting ("ICFR") which has been effected by the Board of Directors, management, and other personnel, to provide reasonable assurance regarding the reliability of financial reporting and the preparation of financial statements in accordance with IFRS. During the nine months ended December 31, 2018, there were no changes that materially affected, or are reasonably likely to materially affect, the Company's ICFR.

29. In a Form 6-K filed with the SEC on May 22, 2019, Just Energy reported a loss for its fiscal year ended March 31, 2019 of CAD $122.8 million, but an increase in its Base EBITDA to CAD $204 million and trade and other receivables of CAD $783.7 million. With regard to internal controls, management stated:

> Both the CEO and CFO have designed, or caused to be designed under their supervision, the Company's Internal Control over Financial Reporting ("ICFR") which has been effected by the Board of Directors, management, and other personnel, to provide reasonable assurance regarding the reliability of financial reporting and the preparation of financial statements in accordance with IFRS.
>
> During January 2019, in connection with the Company's assessment of internal controls over financial reporting, the Company which identified and subsequently remediated a deficiency in the design and operating effectiveness of certain internal controls related to certain account balances in certain markets. Specifically, the Company identified a deficiency in the design of internal controls through the effective operation of alternative internal controls related to the preparation, analysis and review of certain gross margin accounts in those markets. Upon identification of the deficiency, the Company designed internal controls were designed, including account reconciliations, to remediate the deficiency in design. These new internal controls were effectively operated for February 28, 2019 and March 31, 2019. Just Energy considers the internal control deficiency to be effectively remediated as at March 31, 2019.
>
> As a result of remediating this deficiency in the design of internal controls and operating them in an effective manner, the Company identified certain individually insignificant reconciling items that should have been recorded in periods prior to April 1, 2017. The Company determined that it was appropriate to revise its consolidated financial statements as at April 1, 2017, as denoted within Note 5 of the consolidated financial statements, to correct for an aggregate error of $14.2

million in the opening accumulated deficit account. It was determined that this deficiency in the design and operating effectiveness of these particular internal controls resulted in no significant error in the income statements for the years ended March 31, 2019 and 2018.

30. On the same day, Just Energy filed its Form 40-F Annual Report with the SEC, which reiterated these representations.

31. The statements referenced above in ¶¶ 21-30 were each materially false and misleading when made as they misrepresented the following material adverse facts which were known to the Defendants or recklessly disregarded by them:

(a) that the Company had been experiencing customer enrolment and non-payment issues, primarily in Texas, over the prior 12 months;

(b) that the Company had not taken appropriate reserves to its trade receivables to reflect these issues, thereby rendering the foregoing financial results it publicly disseminated materially false and misleading; and

(c) the Company lacked adequate financial controls with regard to the identification of these issues including its methodology for estimating its reserve for trade receivables.

32. On July 23, 2019, before the market opened, Just Energy revealed that:

(a) Management identified customer enrolment and non-payment issues, primarily in Texas, over the past 12 months;

(b) As a result of these issues, management determined that "more robust operational controls were put in place, culminating in numerous improvements being implemented during June and July 2019."

(c) "Due to the identified issues, management is updating its provisioning methodology used to estimate its reserve for trade receivables."

- 9 -

(d) "Management expects an incremental impairment of the Texas residential accounts receivable of approximately CAD $45 to $50 million as of June 30, 2019."

33. On July 23, 2019, in response to the announcement, the price of Just Energy common stock declined from a close of $4.38 the prior day to close at $3.72—a decline of $0.66 per share on extremely heavy trading volume and continued to decline to $3.58 per share on July 24, 2019, also on heavy volume.

34. On August 5, 2019, Just Energy announced that effective immediately it had replaced Defendant McCullough as the Company's President and Chief Executive Officer with Director, R. Scott Gahn,

35. On August 14, 2019, the Company announced that it was suspending its dividend and also that the adjustment to its account receivables would be even larger and that it would be restating certain previously released financial statements:

> During the quarter, management identified operational issues in customer enrolment and non-payment of accounts receivable in the Texas residential market, resulting in an aggregate adjustment of $58.6 million. Management also proceeded to identify collection issues in the U.K. market, resulting in an aggregate adjustment of $74.1 million. As a result, the Company recorded additional allowances for doubtful accounts which are included in the Company's restated third quarter and year-end financial statements for fiscal year 2019, and in the Company's first quarter results for fiscal year 2020, as referenced within each respective management discussion and analysis.

36. On August 14, 2019, in response to the announcement, the price of Just Energy common stock declined from a close of $3.10 per share the prior day to close at $1.88 per share– a decline of $1.22 per share on extremely heavy trading volume.

37. On August 19, 2019, Just Energy filed a Form 40-F/A with the SEC in which it revealed that its allowance for doubtful accounts for its fiscal year ended March 31, 2019 was understated by $111.2 million consisting of $53.7 million for doubtful accounts in its Texas

residential market and $57.5 million related to operational and collection issues in its United Kingdom (U.K.) market. The Company also stated that:

> It was identified that during the quarters ended December 31, 2018, March 31, 2019 and June 30, 2019, management failed to effectively operate the control designed to capture appropriate expected credit loss rates to be reflected in the estimated allowance for doubtful accounts in the Texas residential market and the U.K. market. This material weakness arose due to insufficient analysis of a rapid deterioration of the aging of the Company's accounts receivable caused by operational enrollment deficiencies in the Texas market, and due to operational and accounts receivable non-collection issues in the U.K. market. The CEO and the CFO concluded that as a result of the material weakness in internal control over financial reporting, the Registrant's design and operation of the Registrant's disclosure controls and procedures were not effective at March 31, 2019 to ensure that the information required to be disclosed in the reports that the Registrant files with or submits to the Commission is recorded, processed, summarized and reported, within the required time periods.

38. On August 20, 2019, in response to this announcement, the price of Just Energy common stock declined from a close of $1.56 per share the prior day to close at $1.32 per share on extremely heavy trading volume and continued to decline on August 21, 2019, closing at $1.18 per share also on extremely heavy trading volume.

39. The market for Just Energy's securities that traded on the NYSE was open, well-developed and efficient at all relevant times. As a result of these materially false and misleading statements and failures to disclose, Just Energy's securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired Just Energy securities relying upon the integrity of the market price of Just Energy's securities and market information, and have been damaged thereby.

40. During the Class Period, Defendants materially misled the investing public, thereby inflating the price of Just Energy securities, by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and misleading. Said statements and omissions were materially false and

misleading in that they failed to disclose material adverse information and misrepresented the truth about the Company, its business and operations, as alleged herein.

41. At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false or misleading statements about Just Energy's financial results and internal controls.

## ADDITIONAL SCIENTER ALLEGATIONS

42. As alleged herein, Defendants acted with scienter in that Defendants admittedly knew that the Company was facing serious issues with its Texas customer base during the prior 12 months. Defendants knew that the public documents and statements described herein issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws. As set forth elsewhere herein in detail, Defendants, by virtue of their receipt of information reflecting the true facts regarding Just Energy's receivables and internal controls, their control over Just Energy's allegedly materially misleading misstatements made them privy to the information described herein that was withheld from Plaintiff and the members of the Class.

## APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD ON THE MARKET DOCTRINE

43. At all relevant times, the market for Just Energy securities that traded on the NYSE was an efficient market for the following reasons, among others:

(a) Just Energy met the requirements for listing, and was listed and actively traded on the NYSE, a highly efficient and automated market;

(b) As a regulated issuer, Just Energy filed periodic public reports with the SEC and the NYSE;

(c) Just Energy regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

(d) Just Energy was followed by several securities analysts employed by major brokerage firms who wrote reports which were distributed to the sales force and certain customers of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

44. As a result of the foregoing, the market for Just Energy's securities promptly digested current information regarding Just Energy from all publicly available sources and reflected such information in the prices of Just Energy securities. Under these circumstances, all purchasers of Just Energy securities during the Class Period suffered similar injury through their purchase of Just Energy securities at artificially inflated prices and a presumption of reliance applies.

## NO SAFE HARBOR

45. The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. Many of the specific statements pleaded herein were not identified as "forward-looking statements" when made. To the extent there were any forward-looking statements, there were no meaningful cautionary statements identifying important factors that could cause actual results to

differ materially from those in the purportedly forward-looking statements. Alternatively, to the extent that the statutory safe harbor does apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the particular speaker knew that the particular forward-looking statement was false, and/or the forward-looking statement was authorized and/or approved by an executive officer of Just Energy who knew that those statements were false when made.

## COUNT I

### Violation of Section 10(b) of the Exchange Act Against and Rule 10b-5 Promulgated Thereunder Against All Defendants

46. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

47. During the Class Period, Defendants disseminated or approved the materially false and misleading statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

48. Defendants: (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

49. Plaintiff and the Class have suffered damages in that, in reliance on the integrity of the market, they paid artificially inflated prices for Just Energy securities. Plaintiff and the Class would not have purchased Just Energy securities at the prices they paid, or at all, if they had been

aware that the market prices had been artificially and falsely inflated by Defendants' misleading statements.

50. As a direct and proximate result of these Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their purchases of Just Energy securities during the Class Period.

## COUNT II

### Violation of Section 20(a) of the Exchange Act Against the Individual Defendants

51. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

52. The Individual Defendants acted as controlling persons of Just Energy within the meaning of Section 20(a) of the Exchange Act as alleged herein. By reason of their positions as the most senior officers of Just Energy, and their ownership of Just Energy stock, the Individual Defendants had the power and authority to cause Just Energy to engage in the wrongful conduct complained of herein. By reason of such conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A. Determining that this action is a proper class action, designating Plaintiff as Lead Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

B. Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C. Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D. Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED: September 4, 2019

KLAFTER OLSEN & LESSER LLP
Jeffrey A. Klafter

_____
JEFFREY KLAFTER
2 International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
Fax: (914) 934-92200

Steven L. Wittels
Burkett McInturff
Wittels Law
18 Half Mile Road
Armonk, NY 10504
Telephone: (914) 319-9945
Fax: (914) 273-2563 |

Attorneys for Plaintiff

## CERTIFICATION

Thaddeus White hereby certifies as follows:

1. I have retained Klafter Olsen & Lesser LLP and the Wittels Law Firm as my counsel, reviewed the class action complaint against Just Energy Group, Inc.("Just Energy") my counsel have prepared on my behalf alleging violations of the federal securities laws, and authorized the filing of the complaint on my behalf.

2. I did not purchase securities of Just Energy at the direction of Plaintiffs' counsel or in order to participate in any private action under the federal securities laws.

3. I am willing to serve as a class representative in this matter, including providing testimony at deposition and trial, if necessary.

4. My transactions in Just Energy securities during the Class Period (May 16, 2018 through August 19, 2019) ,are as follows:

| Date | Number and Type of Securities Purchased | Price Per Security |
|---|---|---|
| 6/7/2019 | 20 Just Energy shares | $4.17 |
| 7/16/2019 | 1 Just Energy share | $4.23 |
| 8/5/2019 | 10 Just Energy shares | $3.38 |

| Date | Number of Securities Sold | Price Per Security |
|---|---|---|
| 8/6/2019 | 31 Just Energy Shares | $3.33 |

5. I have not sought to serve as a class representative in more than five class actions filed under the securities laws in the last three (3) years.

6. I will not accept any payment for serving as a representative party on behalf of the class beyond my pro rata share of any recovery, except as ordered or approved by

the Court for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I declare under penalty of perjury, under the laws of United States, that the foregoing is true and correct this 3rd day of September, 2019.

Thaddeus White