**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Jonathan Stern, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: jstern@rosenlegal.com

*Lead Counsel for Lead Plaintiff Gregory Gutman
and the Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THADDEUS WHITE, Individually and On Behalf of All Others Similarly Situated, | CASE No.: 1:19-cv-08236-JGK |
| Plaintiff, | |
| v. | **LEAD PLAINTIFF GREGORY GUTMAN'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO TRANSFER VENUE** |
| JUST ENERGY GROUP, INC., PATRICK MCCULLOUGH, and JIM BROWN, | |
| Defendants. | |

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................................ 1

II.   ARGUMENT...................................................................................................................... 1

  A.  The First-Filed Rule Should Not be Given Any Weight ...................................................... 1

  B.  The 1404(a) Factors Merit Transfer.................................................................................... 3

     1.  S.D.Tex is a Convenient Forum for Witnesses ................................................................ 3

     2.  Convenience of Parties.................................................................................................. 5

     3.  Locus of Operative Facts............................................................................................... 6

     4.  Relative Means of the Parties......................................................................................... 6

     5.  Plaintiff's Choice of Forum............................................................................................ 7

     6.  Trial Efficiency and the Interests of Justice .................................................................... 7

III.  CONCLUSION.................................................................................................................. 9

i

## TABLE OF AUTHORITIES

**Cases**

*Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*,
  474 F. Supp. 2d 474 (S.D.N.Y. 2007), *aff'd sub nom. New York Marine & Gen. Ins. Co. v.
  Lafarge N. Am., Inc.*, 599 F.3d 102 (2d Cir. 2010) ....................................................................... 6

*Canadian Kennel Club v. Continental Kennel Club*,
  1997 WL 361991 (S.D.N.Y. June 30, 1997).................................................................................. 3

*Employers Ins. of Wausau v. Fox Ent. Group, Inc.*,
  522 F.3d 271 (2d Cir. 2008)......................................................................................................... 1

*ESPN, Inc. v. Quiksilver, Inc.*,
  581 F. Supp. 2d 542 (S.D.N.Y. 2008)............................................................................................ 7

*Garity v. Tetraphase Pharm. Inc.*,
  No. 1:18-CV-06797 (ALC), 2019 WL 2314691 (S.D.N.Y. May 30, 2019)................................. 7

*Herbert Ltd. P'ship v. Elec. Arts Inc.*,
  325 F. Supp. 2d 282 (S.D.N.Y. 2004)........................................................................................... 3

*In re AtheroGenics Sec. Litig.*,
  No. 05 CIV. 00061, 2006 WL 851708 (S.D.N.Y. Mar. 31, 2006)................................................ 3

*In re Bausch & Lomb Inc. Sec. Litig.*,
  244 F.R.D. 169 (W.D.N.Y. 2007), *opinion modified on denial of reconsideration,* No. 06-CV-
  6294T, 2007 WL 3197318 (W.D.N.Y. Oct. 26, 2007) ................................................................. 2

*In re ChannelAdvisor Corp. Sec. Litig.*,
  No. 15-CV-506 AJN, 2015 WL 4064625 (S.D.N.Y. July 2, 2015) .............................................. 8

*In re Collins & Aikman Corp. Sec. Litig.*,
  438 F. Supp. 2d 392 (S.D.N.Y. 2006)........................................................................................... 4

*In re Nematron Corp. Sec. Litig.*,
  30 F. Supp. 2d 397 (S.D.N.Y. 1998)............................................................................................. 6

*In re Stillwater Min. Co. Sec. Litig.*,
  No. 02 CIV. 2806 (DC), 2003 WL 1087953 (S.D.N.Y. May 12, 2003) ...................................... 7

*In re Warrick*,
  70 F.3d 736 (2d Cir. 1995)........................................................................................................... 7

*Janbay v. Canadian Solar, Inc.*,
  272 F.R.D. 112 (S.D.N.Y. 2010) ......................................................................................... 5, 6, 7

*Laborers Local 100 & 397 Pension Fund v. Bausch & Lomb Inc.*,
  No. 06 CIV. 1942 (HB), 2006 WL 1524590 (S.D.N.Y. June 5, 2006)......................................8

*Liberty Mut. Ins. v. Fairbanks Co.*,
  17 F. Supp. 3d 385 (S.D.N.Y. 2014) .........................................................................................2

*Local Union No. 3 Int'l Bhd. of Elec. Workers, AFL-CIO v. Gen. Elec. Int'l, Inc.*,
  No. 10 CV 7319 BSJ, 2011 WL 1842239 (S.D.N.Y. May 9, 2011) ...........................................5

*Marshall Gobuty Intern. USA, Inc. v. Nike, Inc.*,
  04 CIV. 6975 (SAS), 2004 WL 2578912 (S.D.N.Y. Nov. 10, 2004); .........................................6

*Matta v. Roswell Park Cancer Inst. Corp.*,
  11 CIV. 599 BSJ GWG, 2011 WL 3104889 (S.D.N.Y. July 26, 2011)..................................3, 5

*MK Sys., Inc. v. Schmidt*,
  No. 04 CIV.8106 RWS, 2005 WL 5906653 (S.D.N.Y. Mar. 10, 2005). ....................................2

*Protegrity Corp. v. Dataguise, Inc.*,
  3:13-CV-00715 (VLB), 2014 WL 12690186 (D. Conn. Sept. 3, 2014) ......................................5

*Riviera Trading Corp. v. Oakley, Inc.*,
  944 F. Supp. 1150 (S.D.N.Y. 1996)...........................................................................................2

*Semmes Motors, Inc. v. Ford Motor Co.*,
  429 F.2d 1197 (2d Cir. 1970).....................................................................................................8

*Simpson v. New York State Dept. of Civ. Serv.*,
  03 CIV. 9433 (LAP), 2004 WL 2222163 (S.D.N.Y. Sept. 30, 2004)........................................7

*State Farm Mut. Auto. Ins. v. Plunkett*,
  No. 1:10CV184-SA-JAD, 2011 WL 2670063 (N.D. Miss. July 7, 2011) .................................8

*Vladimir v. Bioenvision, Inc.*, No. 07 CIV. 6416SHSAJP,
  2007 WL 4526532 (S.D.N.Y. Dec. 21, 2007)............................................................................2

*Williams Advanced Materials, Inc. v. Target Tech. Co., LLC*,
  No. 03-CV-276-A, 2007 WL 2245886 (W.D.N.Y. Aug. 1, 2007), ...........................................8

## Statutes

28 U.S.C. § 1404 ......................................................................................................................1, 3

Private Securities Litigation Reform Act of 1995 ...........................................................................2

## I.    INTRODUCTION

Defendant Just Energy Group, Inc. ("Just Energy" or the "Company") fails to rebut the evidence that Gutman put forward in his motion to transfer this action to the Southern District of Texas ("S.D.Tex."). Just Energy's opposition rests largely on the factually unsupported and legally irrelevant assertion that it is more convenient for the Company if the unspecified number of company employee witnesses who are located in London or Toronto had to travel to the Southern District of New York ("S.D.N.Y.") instead of S.D.Tex.  However, despite having ample time to oppose the motion, Just Energy provides no evidence for its assertion that New York is more convenient for it. Just Energy likewise wholly disregards the convenience of the individual defendants, who all reside in S.D.Tex. But even if it had provided support, the fact that witnesses who do not reside in New York might more quickly travel there than to Texas is, as a matter of law, irrelevant.  In short, Just Energy has not shown why this case brought by a lead plaintiff who resides in Texas against individual defendants who all reside in Texas and a corporate defendant with U.S. headquarters in Texas should be litigated in New York and burden a jury of New Yorkers.

## II.    ARGUMENT

### A.    The First-Filed Rule Should Not be Given Any Weight

The first filed rule creates a presumption that the first filed of two competing lawsuits should have priority, absent special circumstances. *Employers Ins. of Wausau v. Fox Ent. Group, Inc.*, 522 F.3d 271, 274 (2d Cir. 2008).  One such circumstance is where the balance of convenience favors proceeding in the forum of a later-filed action. *Id.* The Second Circuit has held that the standard for determining the "balance of convenience" under the first filed rule is "essentially the same" as the standard for transferring a case pursuant to Section 1404(a). *Id.* at 275. Moreover,

1

"[t]he first-filed rule does not supersede the inquiry into the balance of convenience under § 1404(a), and a transfer justified under § 1404(a) is proper even if the action to be transferred was filed before a related action was filed in the transferee district." *MK Sys., Inc. v. Schmidt*, No. 04 CIV.8106 RWS, 2005 WL 590665, at *3 (S.D.N.Y. Mar. 10, 2005). Thus, even if it applied, "[n]otwithstanding which case was filed first, the balance of convenience between competing jurisdictions is left to the sound discretion of the district court." *Riviera Trading Corp. v. Oakley, Inc.*, 944 F. Supp. 1150, 1158 (S.D.N.Y. 1996) (declining to follow first-to-file rule). Since the first-filed rule applies the exact same standard as § 1404(a), the rule has no relevance here.

Because the first filed rule has no effect, it is entirely unsurprising that Defendant's cases are inapposite. Defendant's citation to *Liberty Mut. Ins. v. Fairbanks Co.*, 17 F. Supp. 3d 385 (S.D.N.Y. 2014) is misleading. *Liberty Mutual* refers to a weak "presumption" in favor of the first-filed case. The strong presumption in *Liberty Mutual* is to a plaintiff's choice of forum. *Id*. at 400. Just Energy, however, is not a plaintiff in this action, and the plaintiff who filed this action is no longer relevant. Indeed, this action is governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA") which emphasizes that "considerations other than speed" should govern management of securities class action and discourage the "race to the courthouse." *Vladimir v. Bioenvision, Inc.*, No. 07 CIV. 6416SHSAJP, 2007 WL 4526532, at *3 (S.D.N.Y. Dec. 21, 2007); *In re Bausch & Lomb Inc. Sec. Litig.*, 244 F.R.D. 169, 171 (W.D.N.Y. 2007), *opinion modified on denial of reconsideration,* No. 06-CV-6294T, 2007 WL 3197318 (W.D.N.Y. Oct. 26, 2007) (same).

### B.     The 1404(a) Factors Merit Transfer

#### 1.     S.D.Tex is a Convenient Forum for Witnesses

Defendant states that the S.D.N.Y. would be more convenient for the witnesses, but provides no evidence for its conclusory claim. Defendant did not so much as provide a declaration identifying likely witnesses or their residences. Defendant's failure to provide evidence is fatal to its opposition to transfer. *Matta v. Roswell Park Cancer Inst. Corp.*, 11 CIV. 599 BSJ GWG, 2011 WL 3104889, at *5 (S.D.N.Y. July 26, 2011).

Even if Just Energy had provided evidence for its claims, "[t]he convenience of witnesses who reside in neither the current nor the transferee forum is irrelevant when considering a motion to transfer." *Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 288 (S.D.N.Y. 2004); *Matta*, 2011 WL 3104889, at *5 (no witness in S.D.N.Y. had been identified and court finding witnesses in Canada, California, Maryland, and Michigan would not be more inconvenienced to travel to Buffalo rather than New York City); *see also In re AtheroGenics Sec. Litig.*, No. 05 CIV. 00061, 2006 WL 851708, at *4 (S.D.N.Y. Mar. 31, 2006) (approving transfer to district where all individual defendants reside and that relevant witnesses in Canada and Cleveland are a flight's distance away from both New York and Atlanta, the proposed transferee district); *Canadian Kennel Club v. Continental Kennel Club,* 1997 WL 361991, at *3-4, n. 3 (S.D.N.Y. June 30, 1997) (party witness in Canada "will have to travel to any trial of this action whether it is adjudicated in New York or Louisiana" and that "either way, travel is required, and the difference in travel time [of flying to transferee district] or rearranging one's travel plans because fewer flights exist does not significantly affect the balance"). Therefore, Defendant's statement that New York is more convenient to travel to than Houston for witnesses located in London and Toronto, even if factually true, lacks any legal weight.

Moreover, though Defendant claims that the cases Gutman relied on in his opening brief are inapposite because the transfer motions were brought by defendants, that is because plaintiffs ordinarily have no reason to move to transfer a case they themselves filed. But in cases subject to the PSLRA, court-appointed lead plaintiffs like Gutman face a forum they did not choose. In those circumstances, plaintiffs have as much reason to move to transfer the actions as defendants do. Defendant does not cite any cases holding that PSLRA lead plaintiffs should be held to a different standard.

Moreover, Just Energy suggests that it is possible its auditor, Ernst & Young ("E&Y"), may be a witness and that a corporate representative from E&Y's U.S. headquarters in New York may need to testify on E&Y's behalf, but this is wholly speculative. Defendants do not detail what a corporate representative would be likely to testify about or why an appropriate person to act as corporate representative in that capacity is likely to be in New York.  E&Y has a Houston office and there is no reason to think that E&Y could not find a suitable representative from that office. (https://www.ey.com/en_us/locations/united-states#houston). Just Energy does not provide any rationale for why an E&Y employee from New York rather than Houston or Toronto would need to testify.

Further, Just Energy criticizes Gutman for arguing that it is likely that Just Energy's press releases were prepared in Texas by pointing out that they bore a Toronto byline.  But this shows nothing. Defendant does not contest Gutman's claim that Just Energy's "corporate management team" resides in Texas. *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 397 (S.D.N.Y. 2006); (Dkt. No. 14-2, 14-3). The fact that the press releases bore a Toronto byline is irrelevant because they were approved by the company's CEO and CFO in the S.D.Tex.

4

### 2.     Convenience of Parties

The Opposition wholly fails to rebut the substantial evidence in the opening brief that S.D.Tex. is the most convenient location for all of the parties. It is insufficient to assert, as Defendant does, that "New York is a more convenient forum for the company" without providing any evidence of that fact. *Protegrity Corp. v. Dataguise, Inc.*, 3:13-CV-00715 (VLB), 2014 WL 12690186, at *5 (D. Conn. Sept. 3, 2014) (finding that non-moving party failed to show Connecticut was more convenient through conclusory assertions regarding location of witnesses); *Matta*, 2011 WL 3104889, at *5 (same). Defendant did not submit a declaration with its opposition, let alone one with sufficient factual matter to demonstrate that S.D.N.Y., where the Company has no operations, is more convenient than S.D.Tex., where the Company has its U.S. headquarters and all of the individual defendants reside.

Moreover, just as Just Energy acknowledges that it will accommodate Gutman for his deposition by holding it in Dallas, Lead Plaintiff will agree in the ordinary course to accommodate Just Energy's Toronto-residing witnesses by taking their deposition in Toronto. Just Energy's logic that Gutman will not have to travel to New York for a deposition as pre-trial discovery does not need to take place in the jurisdiction where the court sits as stated in *Local Union No. 3 Int'l Bhd. of Elec. Workers, AFL-CIO v. Gen. Elec. Int'l, Inc.*, No. 10 CV. 7319 BSJ, 2011 WL 1842239, at *3 (S.D.N.Y. May 9, 2011) can apply equally to Just Energy's employee witnesses. Thus, even if the Court accepts Defendant's conclusory claim that important witnesses reside in Ontario or London, arrangements can be made to depose them in a convenient forum.

Just Energy's reliance on *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 122 (S.D.N.Y. 2010) regarding convenience of parties is unavailing. In *Janbay*, the court found "there is no indication that any of [the U.S.-residing] employees has any connection to the gravamen of this

5

action or is a potential witness." *Id*. Here, the allegations center on statements made by Just Energy's Houston-based CEOs, former and current, and CFO, and the misconduct relates, in part, to the Company's operations in Texas. (Dkt. No. 14-2, 14-3).

### 3.    Locus of Operative Facts

The locus of operative facts is a "primary factor" when evaluating transfer. *Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc*., 474 F. Supp. 2d 474, 485 (S.D.N.Y. 2007), *aff'd sub nom. New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc*., 599 F.3d 102 (2d Cir. 2010); *In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397, 404 (S.D.N.Y. 1998) (transfer appropriate to district where financial statements were prepared). But Just Energy does not contend that any facts occurred in the S.D.N.Y. Instead, Just Energy maintains that operative events took place in Ontario, the U.K. – and ***Texas***. (Def. Opp. 4, 6, 8). Not only is S.D.Tex. the most logical forum, is the only U.S. location in which any operative facts took place Accordingly, it is the only plausible forum to this action to proceed.

### 4.    Relative Means of the Parties

Defendant's assertion that denying transfer will reduce the costs to both parties is based on the conclusory assertion that important witnesses are in Ontario and the U.K., as well as the irrelevant fact that parties' counsel is in New York.  As noted above, Defendant provided no factual support for its claim that the fact that some witnesses might be in Toronto or London would make the S.D.N.Y. more convenient or, relatedly, less expensive.  Defendant also points to the location of counsel, notwithstanding the fact that S.D.N.Y. consistently holds that this is irrelevant not only to the convenience of parties, but to the transfer analysis overall. *Marshall Gobuty Intern. USA, Inc. v. Nike, Inc.,* 04 CIV. 6975 (SAS), 2004 WL 2578912, at *2 (S.D.N.Y. Nov. 10, 2004);

*Simpson v. New York State Dept. of Civ. Serv.*, 03 CIV. 9433 (LAP), 2004 WL 2222163, at *3 (S.D.N.Y. Sept. 30, 2004).

### 5.      Plaintiff's Choice of Forum

A class action plaintiff's choice of forum will be given deference where, as here, the plaintiff selects a logical forum connected to the alleged wrongdoing where each defendant resides. The cases Defendant cites are inapposite because they involved illogical choices. In *In re Stillwater Min. Co. Sec. Litig.*, No. 02 CIV. 2806 (DC), 2003 WL 21087953, at *4 (S.D.N.Y. May 12, 2003), most of the defendants, and the company's headquarters, resided or were located in the transferee district and no company offices were in the S.D.N.Y. *Id. In re Warrick*, 70 F.3d 736, 741 n.7 (2d Cir. 1995) was an ERISA case brought on behalf of a plan administered out of the transferor forum, which was also the company's headquarters. In *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 551 (S.D.N.Y. 2008), the plaintiff did not file in its home jurisdiction but the court nevertheless gave its choice "considerable weight" In *Janbay,* 272 F.R.D. at 123 transfer was denied in part because the majority of the members of a lead plaintiff group did not reside in the transferee district and one of the members of the group filed his action in the S.D.N.Y. Likewise, in *Garity v. Tetraphase Pharm. Inc.*, No. 1:18-CV-06797 (ALC), 2019 WL 2314691, at *3 (S.D.N.Y. May 30, 2019), the plaintiff did not specify where he lived, which tipped in favor of transfer.  Accordingly, Gutman's choice should be respected.

### 6.      Trial Efficiency and the Interests of Justice

Defendant rolls out this District's welcome mat for plaintiffs throughout the country, claiming that because this court hears many securities actions it should have to hear them all. This District is one of the busiest, if not the busiest in the country. But that the S.D.N.Y. "has more securities class actions than its sister courts [] is of little relevance." *In re ChannelAdvisor Corp.*

*Sec. Litig.*, No. 15-CV-506 AJN, 2015 WL 4064625, at *3 (S.D.N.Y. July 2, 2015). If anything, it cuts the other way. *Laborers Local 100 & 397 Pension Fund v. Bausch & Lomb Inc.*, No. 06 CIV. 1942 (HB), 2006 WL 1524590, at *4 (S.D.N.Y. June 5, 2006) (finding listing on NYSE and location of analysts in New York insufficient because "[i]f they did, the SDNY would have even more business and every plaintiff that sued a NYSE firm could nestle in right here at 500 Pearl Street."). This busy court has not signed up to preside over all of the Nation's securities cases. Nor have New York juries agreed to adjudicate them all.

Defendants raise the bare possibility that Gutman might have been forum shopping in bringing a lawsuit in Houston against a company whose business includes selling natural gas in Houston, the oil and gas capital of the country. Defendant does not substantiate its claim – nor could it as it is false – and the cases Just Energy cites are inapposite. In. *Semmes Motors, Inc. v. Ford Motor Co*., 429 F.2d 1197, 1203 (2d Cir. 1970), the same plaintiff filed two duplicative actions in different courts, and was thus plainly judge shopping. In *Williams Advanced Materials, Inc. v. Target Tech. Co., LLC*, No. 03-CV-276-A, 2007 WL 2245886, at *6 (W.D.N.Y. Aug. 1, 2007), a procedurally complex case, a New York-residing plaintiff filed a suit in New York, and then the defendant countersued the plaintiff in California. After the New York court denied the plaintiff's motion for a preliminary injunction, the plaintiff sought to transfer the action to California where the New York defendant had received unfavorable rulings. Since both courts had issued rulings on the merits, it was plain that the plaintiff was shopping for a judge. Here, no court has addressed the merits, so that kind of judge shopping is impossible. In *State Farm Mut. Auto. Ins. v. Plunkett,* No. 1:10CV184-SA-JAD, 2011 WL 2670063, at *3 (N.D. Miss. July 7, 2011) State Farm, unhappy with the judge assigned and decisions to date in the first filed action, filed another action in the same district on the same issues in the first filed action. The court found that

this was judge shopping as the same action was pending before another judge in the same district.

Just Energy's surprising opposition to transfer should be treated with suspicion.

## III.     CONCLUSION

In conclusion, this action should be transferred to the S.D.Tex.


Dated:  December 23, 2019                     Respectfully submitted,

                                                                **THE ROSEN LAW FIRM, P.A.**

                                                                By: */s/ Jonathan Stern*
                                                                Jonathan Stern
                                                                Phillip Kim
                                                                275 Madison Ave., 40th Floor
                                                                New York, NY 10016
                                                                Tel: (212) 686-1060
                                                                Fax: (212) 202-3827
                                                                Email: jstern@rosenlegal.com
                                                                Email: pkim@rosenlegal.com


                                                                *Lead Counsel for Lead Plaintiff Gregory Gutman*
                                                                *an the Class*

## CERTIFICATION OF COMPLIANCE

I, Jonathan Stern, hereby certify that *Lead Plaintiff Gregory Gutman's Reply Memorandum Of Law In Further Support Of Motion To Transfer Venue* complies with the Individual Rules of Practice for the Honorable John G. Koeltl, in that it contains 2,627 number of words (exclusive of the cover page, table of contents, table of authorities and the signature block) and is typed double spaced, in legible font with reasonable margins and that all footnotes are double-spaced and in legible font.

Dated: December 23, 2019                                  */s/ Jonathan Stern*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of December 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


*/s/ Jonathan Stern*

11