IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| THADDEUS WHITE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> JUST ENERGY GROUP INC., PATRICK MCCULLOUGH, and JIM BROWN, <br><br> Defendants. | § CIVIL ACTION NO. 4:20-cv-00590 <br> § <br> § Hon. Lynn N. Hughes <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |
| GREGORY GUTMAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> JUST ENERGY GROUP INC., DEBORAH MERRIL, JAMES LEWIS, PATRICK MCCULLOUGH, and JIM BROWN, <br><br> Defendants. | § CIVIL ACTION NO. 4:19-cv-03449 <br> § <br> § Hon. Ewing Werlein, Jr. <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

## JOINT MOTION TO TRANSFER RELATED CASE FOR CONSOLIDATION

Pursuant to Fed. R. Civ. P. 42(a) and Local Rule 7.6, Lead Plaintiff Gregory Gutman

("Gutman") and Defendant Just Energy Group, Inc. ("Just Energy"), jointly move the Court to

consolidate *White v. Just Energy Group, Inc.,* Case No. 4:20-cv-00590 (S.D. Tex.) (Hughes, J.)

(the "*White* Action"), with the case entitled *Gutman v. Just Energy Group, Inc. et al.,* No. 4:19-

cv-03449 (S.D. Tex.) (Werlein, J.) (the "*Gutman* Action").  The parties request that both cases be

heard by Judge Werlein and show:

**JOINT MOTION TO TRANSFER RELATED CASE FOR CONSOLIDATION – PAGE 1**

## INTRODUCTION

Both the *Gutman* Action and *White* Action are putative class actions on behalf of Just Energy investors asserting violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"). Each action alleges that Just Energy issued false and/or misleading statements regarding customer enrollment and non-payment issues, reserves to trade receivables, and internal controls. The actions assert overlapping class periods and almost identical parties. The *White* Action includes a class period of May 16, 2018 to August 19, 2019 and names Just Energy, Patrick McCullough ("McCullough") and Jim Brown ("Brown") as defendants. While the *Gutman* Action is more inclusive as it names the additional defendants Deborah Merril ("Merril") and James Lewis ("Lewis") and has more expansive class period of November 9, 2017 to August 19, 2019.

It is well-settled that factually related class actions with common defendants, allegations and putative class members should be consolidated for effective and efficient administration and to minimize the risk of inconsistent judgments. These cases present a substantial risk of inconsistent judgments because both suits implicate whether: (i) the public statements were materially false or misleading; and (ii) the individual defendants can be liable as controlling persons.

## PROCEDURAL BACKGROUND

The *White* Action was filed in the United State District Court for the Southern District of New York on September 4, 2019.[1]　On September 12, 2019, the *Gutman* Action[2] was commenced in this Court and assigned to Judge Werlein.

---

[1] The Class Action Complaint for Violation of the Federal Securities Laws filed in the *White* Action is attached hereto as Exhibit 1.
[2] The Class Action Complaint for Violation of the Federal Securities Laws filed in the *Gutman* Action is attached hereto as Exhibit 2.

On September 30, 2019, Gutman filed motions seeking to be appointed lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78u-4) in both the *Gutman* Action and *White* Action. There were no other competing motions.

On November 22, 2019, Gutman notified Judge Werlein of his pending lead plaintiff motion in the *White* Action in the Southern District of New York as well as his pending motion to transfer the *White* Action to this Court. On December 12, 2019, Judge John G. Koeltl appointed Gutman as Lead Plaintiff and The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel. Gutman notified Judge Werlein of Judge Koeltl's order from the Southern District of New York the following day.

On February 13, 2020, Judge Koeltl granted Gutman's motion to transfer the *White* Action to this Court. On February 20, 2020, the *White* Action was transferred to the Southern District of Texas and assigned to Judge Hughes. On March 11, 2020, Gutman filed in the *Gutman* Action a motion to consolidate the *Gutman* Action and the *White* Action. Judge Werlein denied this motion without prejudice to refile as the *White* Action was the older action of the two. Hence, the Parties file this instant motion in the *White* Action.

## ARGUMENT

### I.    Consolidation Is Warranted

"Fed. R. Civ. P. 42(a) gives the Court discretion to consolidate related cases where the two actions "involve a common question of law or fact." The Fifth Circuit encourages district courts "to make good use of Rule 42(a) in order to expedite . . . trial and eliminate unnecessary repetition and confusion." *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977). Five factors are to be considered when determining whether to consolidate two cases: (1) same court, (2) common parties, (3) common questions of law and

fact, (4) risk of prejudice or confusion versus risk of inconsistent adjudications, and (5) judicial economy. *Parker v. Hyperdynamics Corp.*, 126 F. Supp. 3d 830 (S.D. Tex. 2015) (citing *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir. 1993)). Local Rule 7.6 similarly permits consolidation of related cases. All five of the *Frazier* factors weigh heavily in favor of consolidation of the pending the *Gutman* Action and *White* Action.

### 1. The Actions Are Pending In the Same Court and Involve Common Parties

Both the *Gutman* Action and *White* Action are now pending in the United State District Court for the Southern District of Texas, Houston Division.

Gutman is the plaintiff in both actions as he initiated the *Gutman* Action and is the only party to file a motion seeking appointment as Lead Plaintiff pursuant to the PSLRA. Gutman is also the court-appointed Lead Plaintiff in the *White* Action. Defendants Just Energy, McCullough, and Brown are named in both actions. Defendants Merril and Lewis are also named in the *Gutman* Action. Accordingly, there are parties common to each action with substantial overlap. Importantly, all parties in the *White* Action are named in the *Gutman* Action too.

### 2. Common Questions of Law and Fact Exist in Both Lawsuits

The related actions allege violations of the Exchange Act and present many of the same factual and legal issues. Class action shareholder suits are ideally suited for consolidation pursuant to Rule 42(a). *See Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001). "[I]n securities actions where the complaints are based on the same public statements and reports, consolidation is appropriate if there are common questions of law and fact and the parties will not be prejudiced." *Id.*

The *Gutman* Action and *White* Action allege overlapping class periods, however, the class period in the *Gutman* Action is more inclusive. Despite the difference in class period, the actions both are on behalf of Just Energy shareholders and assert that Just Energy issued false

**JOINT MOTION TO TRANSFER RELATED CASE FOR CONSOLIDATION** – **PAGE 4**

and/or misleading statements regarding customer enrollment and non-payment issues, reserves to trade receivables, and internal controls. Accordingly, the actions both share common questions of law and fact as they each arise from the public dissemination of alleged false and misleading information to investors.

### 3. Judicial Economy and Risk of Prejudice Weigh in Favor of Consolidation

Finally, the interest of judicial economy weighs in favor of consolidation, particularly since there is no risk of prejudice if the two cases are consolidated before this Court. The cases involve common parties, common issues of law, and are grounded in the same factual background. Administration of the two cases separately would waste judicial resources, when the two cases can more efficiently be administered together, particularly during discovery and pretrial motion practice when common issues are expected to arise.

Further, because all the parties in the *White* Action are parties in the *Gutman* Action, there is little risk of any prejudice to the parties in consolidating the actions. To the contrary, there is a greater risk of prejudice to the parties if the cases proceed separately, as there is a risk of inconsistent judgments. Therefore, the interests of judicial economy weigh heavily in favor of consolidating these two related actions.

**CONCLUSION**

For the foregoing reasons, the Parties respectfully request that the Court consolidated the *White* Action with the *Gutman* Action.

Dated: April 6, 2020                                    Respectfully submitted,

                                                    **STECKLER GRESHAM COCHRAN PLLC**

                                                    /s/ *R. Dean Gresham*
R. Dean Gresham (Texas. No. 24027215)
12720 Hillcrest Road, Suite 1045
Dallas, Texas 75219
Telephone: (972) 387-4040
Facsimile: (972) 387-4041
Email: dean@sgc.law

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (*admitted Pro Hac Vice*)
Jonathan Stern, Esq. (*admitted Pro Hac Vice*)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email:pkim@rosenlegal.com
Email: jstern@rosenlegal.com

***Attorneys for Plaintiff***

Dated: April 6, 2020                                    **ROCHE CYRULNIK FREEDMAN LLP**

                                                  /s/ *Jason Cyrulnik*
Jason Cyrulnik (*admitted Pro Hac Vice*)
Paul Fattaruso (*pro hac vice* motion forthcoming)
99 Park Avenue
New York, New York 10016
Telephone: 646.978.9868
Email: jcyrulnik@rcfllp.com

**BOIES SCHILLER FLEXNER LLP**
Motty Shulman (*pro hac vice* motion forthcoming)
333 Main Street

**JOINT MOTION TO TRANSFER RELATED CASE FOR CONSOLIDATION – PAGE 6**

Armonk, New York 10504
Telephone:  914.749.8200
Email: mshulman@bsfllp.com


***Attorneys For Defendants***


## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


*/s/  R. Dean Gresham*
R. Dean Gresham